IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garron L. Norris, ) | C/A No.: 1:10-1480-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Capt. Harold Crocker, Nurse Margaret ) | |
| Lewis, Doctor S. Bianca, Sgt. Parker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Garron L. Norris ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Cherokee County Detention Center ("CCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names employees of the CCDC as Defendants.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). For the reasons that follow, the undersigned recommends the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

I.   Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally-construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Plaintiff's Complaint

According to Plaintiff's Complaint, on June 3, 2010, Plaintiff fell and injured himself while exercising. (Compl. 3.) The accident was allegedly caused by water having leaked from a commode in the recreation area. (*Id.*) Plaintiff was "transported to USCM center for x-rays of [his] back and left shoulder." Although the x-rays revealed no broken bones, Plaintiff claims that he continues to experience pain in his lower back. (*Id.*)

While in the emergency room (ER), Plaintiff asked an ER nurse and doctor "to make sure [I] get my seizer [sic] medicines Dislantin and Nartin." (*Id.*) Plaintiff states the ER employees "sent instructions to Nurse Lewis and Doctor S. Bianca stating 'to make sure Garron L. Norris receive[s] his dayly [sic] dosages of siezer [sic] medicines.'" (*Id.*) Plaintiff further claims that the ER nurse asked the officers who had transported Plaintiff about his medications, and the ER nurse then called Defendant Nurse Lewis and told her he must have these medications. (*Id.*) Plaintiff alleges Defendant Lewis stated that Defendant Doctor Bianca was the individual responsible for making decisions regarding Plaintiff's medication. (*Id.*)

Plaintiff claims he was returned to the CCDC, where Defendant Lewis and Defendant Sgt. Parker distributed medications that evening. (Compl. 4.) When Plaintiff was not provided with any of his seizure medication, he discussed the matter with Defendant Lewis. Plaintiff states he asked Defendant Sgt. Parker to notify Defendant Capt.

Harold Crocker "of this medical neglect[,] but she ignored my distress for help." (*Id*.) Plaintiff, who alleges a thirty-nine year history of seizures, claims that he has not been given his seizure medication since April 28, 2010. (*Id*.) The medication was allegedly discontinued by Defendant Bianca because Plaintiff was accused of "harboring" his medication. (*Id*.) As relief, Plaintiff seeks monetary damages and termination of the Defendants' employment. (*Id*. at 5.)

III. Analysis

To state a claim under 42 U.S.C. §1983,[2] a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's first claim regards his June 3, 2010 injury, resulting from a slip and fall in water that leaked from a toilet onto the recreation floor, when unnamed officers "cut the comode [sic] on and off." (Compl. 3.) Liberally-construed, Plaintiff's allegations state a claim of negligence. However, the law is well-settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793–794 (4th Cir.

---

[2] To the extent that Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

1987). As negligence is not a constitutional violation, Plaintiff's allegation that he was injured in a fall at the CCDC fails to state a cognizable claim under § 1983.

Next, Plaintiff claims that he is being denied seizure medications by the Defendants. While deliberate indifference to a serious medical need may constitute an actionable claim under § 1983, the Plaintiff has previously brought an action in this District Court for the same claim involving the same Defendants and asserting nearly identical allegations as the instant action. *See Garron L. Norris v. Capt. Harold Crocker, et al..*, C/A No. 1:10-1338-JFA-SVH (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This court takes judicial notice of C/A No. 1:10-1338-JFA-SVH (also referred to herein as "Plaintiff's prior case").

Plaintiff's prior case, which is currently pending, was received by the Court and docketed on May 25, 2010.[3] It names the same Defendants listed in the present action, save Defendant Sgt. Parker. As in the instant action, the Complaint in Plaintiff's prior case alleges that his seizure medications were discontinued on April 28, 2010, when Plaintiff was accused of "harboring" his medications in his cell. (Compl. in C/A No 1:10-1338-JFA-SVH, 3). Similar to the instant action, Plaintiff's prior case also alleges that "the Upstate Carolina Medical Center ER Doctors has warned CCDC Medical Staff which

---

[3] An Order authorizing service of process on Defendants Crocker, Bianca, and Lewis issued in Plaintiff's prior case on June 10, 2010.

consist of Doctor Bianca and Nurse Lewis instructing them on the importance of me taking my proper dosages." (*Id.* at 4.) Plaintiff's prior case also seeks monetary damages.

A plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, No. 95-2485, 1996 WL 293181, 3 (4th Cir. June 4, 1996) (affirming award of summary judgment based on collateral estoppel and *res judicata*). As the issues in the Complaint *sub judice* regarding Plaintiff's alleged denial of seizure medication are currently being addressed in Plaintiff's prior case, this duplicate §1983 Complaint should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

III. Conclusion

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process.

IT IS SO RECOMMENDED.

June 28, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).